# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Alaa Saade,

                        Plaintiff,        Case No. 19-cv-11440

v.                                Judith E. Levy
                                    United States District Judge

The City of Detroit, *et al.*,

                                  Mag. Judge Mona K. Majzoub

                        Defendants.

_____/

## OPINION AND ORDER GRANTING MOTION FOR RECONSIDERATION [16]

On October 9, 2019, Plaintiff Alaa Saade filed a motion for reconsideration of the Court's September 24, 2019 order. This motion for reconsideration would not have been necessary but for Plaintiff's counsel's failure to effectuate service on now-terminated defendants Timothy Goodman and Sean Larkins before the deadline passed, failure to seek leave for alternative service before the deadline for service passed, and failure to show cause as to why the case should not be dismissed against Goodman and Larkins before the Court-ordered deadline passed.

As background, Goodman and Larkins had not been served by the original deadline, so the Court issued an order that Plaintiff show cause

why this case against Goodman and Larkins should not be dismissed. (ECF No. 7.) In a timely response, Plaintiff asked the Court to allow Goodman and Larkins to be served by alternative means but failed to set forth the proper standard for such a request. (ECF No. 8.) Despite this, rather than dismiss the case against Goodman and Larkins for failure to show cause, the Court gave Plaintiff another opportunity to set forth the proper reasons for the alternative service request. (ECF No. 10.) Plaintiff's response to that order was due on September 23, 2019, but Plaintiff did not respond. (*Id.*) Accordingly, Goodman and Larkins were dismissed without prejudice on September 24, 2019.

Now, Plaintiff seeks reconsideration of the Court's order dismissing Goodman and Larkins. Notably, Plaintiff's counsel filed the motion a day late. Under Eastern District of Michigan Local Rule 7.1(h), motions for reconsideration "must be filed within 14 days after entry of the . . . order." The deadline for filing a motion for reconsideration was October 8, 2019.

Moreover, Plaintiff's motion does not set forth the standard for motions for reconsideration. To prevail on a motion for reconsideration under Eastern District of Michigan Local Rule 7.1, a movant must "not only demonstrate a palpable defect by which the court and the parties

and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). "A palpable defect is a defect that is obvious, clear, unmistakable, manifest or plain." *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997). The "palpable defect" standard is consistent with the standard for amending or altering a judgment under Federal Rule of Civil Procedure 59(e), that there was "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006).

Motions for reconsideration should not be granted if they "merely present the same issues ruled upon by the court, either expressly or by reasonable implication," E.D. Mich. LR 7.1(h)(3), or if the "parties use . . . a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued," *Roger Miller Music, Inc. v. Sony/ATV Publ'g*, 477 F.3d 383, 395 (6th Cir. 2007).

Although Plaintiff does not present the motion in this way, the Court construes it as one seeking to prevent a manifest injustice. The

substance of Plaintiff's motion is essentially to inform the Court that both Goodman and Larkins were served before they had been dismissed. Under Federal Rule of Civil Procedure 4(e)(1) (which incorporates Michigan Court Rule 2.105) both Goodman and Larkins received a copy of the summons and complaint via certified mail with a return receipt requested on September 17, and 18, 2019, respectively. Both dates were before the Court's September 23, 2019 deadline. Yet, Plaintiff's counsel did not file the summons returned executed or certificate of service, or otherwise notify the Court that service had been effectuated. Had she done so, Goodman and Larkins would not have been dismissed.

Goodman and Larkins were also personally served by a process server on September 25, 2019 under Federal Rule of Civil Procedure 4(e)(2). While this was two days after the September 23, 2019 supplemental show cause deadline, Plaintiff's counsel still could have notified the Court before the deadline that service was imminent, and with the proper showing, this could have prevented Goodman and Larkins' dismissal.

Plaintiff's counsel has demonstrated a pattern of missed deadlines and failure to set forth and follow the applicable rules. Generally, clients

must be held accountable for the acts and omissions of their attorneys. *See Link v. Wabash R. Co.*, 370 U.S. 626, 633 (1962) (upholding dismissal of a lawsuit because of an attorney's failure to attend a scheduled pretrial conference). Accordingly, under the general rule, Plaintiff would be required to re-file the case against Goodman and Larkins.

Yet, district courts also have broad discretion over their dockets. *See In re Univ. Of Mich.*, 936 F.3d 460 (6th Cir. 2019) ("[T]he modern federal district judge faces a challenge—she must balance administering just and lawful outcomes with the need to move cases along. That means she must be both a fair and impartial adjudicator and a conscientious and capable manager. The district judge's job is not an easy one. But the Federal Rules of Civil Procedure provide tools to manage a busy docket[.]") Service on Goodman and Larkins was in fact effectuated before the September 23, 2019 deadline, and the only reason they were dismissed was due to counsel's failure to notify the Court of this event before the deadline. As such, Goodman and Larkins will be reinstated. The Court will not presume that bad faith is involved absent such a showing. In sum, for reasons of fairness and efficiency counsel's error will not be attributed to Plaintiff.

For the reasons set forth above, Timothy Goodman and Sean Larkins are reinstated as defendants in this matter. Plaintiff's counsel is ordered to file the certificates of service for these defendants without delay and all parties are reminded to carefully review the docket and adhere to deadlines in the future.

IT IS SO ORDERED.

Dated: October 30, 2019
Ann Arbor, Michigan

s/Judith E. Levy
JUDITH E. LEVY
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 30, 2019.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager